**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| CANDICE D'CUNHA | ) ) ) ) ) ) ) | |
|  | ) | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| **Plaintiff,** | ) ) ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-988 |
|  | ) ) ) | |
| NORTHWELL HEALTH SYSTEMS | ) ) ) | |
| **Defendant** | ) ) ) | |

<u>**COMPLAINT**</u>

<u>**INTRODUCTION**</u>

1.  Candice D'Cunha was a resident at Northwell Health Systems Staten Island University Hospital. There she worked since the summer of 2020, receiving stellar performance reviews throughout her time at Northwell. She worked through much of the COVID-19 pandemic, even catching COVID herself an infant at home.

2.  Despite this hard work, dedication, and sacrifice on behalf of Northwell Health Systems and its patients, Northwell Health Systems fired Dr. D'Cunha in October of last year while she was four months pregnant.

3.  This was not because of poor performance as an employee or as a doctor; it was not because Northwell found that she was sick or presented an actual threat to her patients or co-

workers in any way. It was because Northwell insisted that Dr. D'Cunha take a vaccine that she could not accept as a matter of concern for her child, conscience, medical training, common sense, and religious belief.

4.   In seeking to exert economic pressure on the question of whether she would accept medical treatment, Northwell Health Systems abandoned its commitment to the fundamentals medical ethics—the principal of informed consent in particular.

5.   In refusing to accommodate Dr. D'Cunha's pregnancy, religious beliefs, and medical condition Northwell also violated state and federal law.

## JURISDICTION AND VENUE

6.   Plaintiff seeks relief on behalf of the Plan pursuant to the civil enforcement provisions of the Pregnancy Discrimination Act and the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7.   This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4) because this action arises under the laws of the United States.

8.   Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events, actions, or omissions giving rise to the claim occurred in this judicial district, where Northwell Health Systems Staten Island Staten Island University Hospital is principally located.

9.   This Court may also issue declaratory relief pursuant to 28 U.S.C. § 2201. Additionally, "[f]urther necessary or proper relief based on a declaratory judgment may [also] be granted ...," including via injunction. *See Powell v. McCormack*, 395 U.S. 486, 499 (1969) ("A

declaratory judgment can then be used as a predicate to further relief, including an injunction. 28 U.S.C. § 2202 ....").

10. This Court also has concurrent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

11. Plaintiff Candice D'Cunha is a 2020 graduate of Kent State University College of Podiatric Medicine. She Matched in January 2020 with Staten Island University Hospital Northwell for her residency and began work there in June of 2020.

12. Northwell Health Systems is a New York domestic not-for-profit corporation headquartered in Westbury, Nassau County, New York. Northwell is the parent company of Staten Island University Hospital, located in Staten Island, where Dr. D'Cunha worked. Northwell Health Systems is the largest health provider in New York.[1]

## FACTUAL BACKGROUND

13. Dr. D'Cunha lived in New York City upon arriving in the United States in August of 2008. She received an education there and worked her way into medical school at Kent State

---

1 *See, e.g.*, Brian Rosenthal, *The largest hospital system in New York sued 2,500 patients for unpaid medical bills after the pandemic hit.*, NEW YORK TIMES, (January 6, 2021), available at https://www.nytimes.com/2021/01/06/world/the-largest-hospital-system-in-new-york-sued-2500-patients-for-unpaid-medical-bills-after-the-pandemic-hit.html?auth=login-email&login=email (last accessed February 3, 2022)("When the coronavirus began spreading through New York, Gov. Andrew M. Cuomo ordered state-run hospitals to stop suing patients over unpaid medical bills, and almost all of the major private hospitals in the state voluntarily followed suit by suspending their claiDr. But Northwell Health, which is the state's largest health system and is run by one of Mr. Cuomo's closest allies, sued more than 2,500 patients last year, records show.")
.

University College of Podiatric Medicine.

14. During medical school at Kent State, then, an externship in the City was a natural choice. She accepted an offer of an externship at Staten Island University Hospital ("SIUH" or "SIUH Northwell") and worked there in August of 2019.

15. Dr. D'Cunha then interviewed for her residency at SIUH in January of 2020, and applied in February 2020.

16. SIUH Northwell informed Dr. D'Cunha that she matched for a residency in March, 2020.

17. Dr. D'Cunha graduated in May of 2020 and began her residency at SIUH Northwell on June 22, 2020.

18. Dr. D'Cunha progressed nicely throughout her residency and received good reviews.

19. Dr. D'Cunha was pregnant when she began her residency and gave birth to her daughter in October of 2020.

20. In February of 2021, Dr. D'Cunha started experiencing symptoms consistent with COVID-19, which a positive test confirmed.

21. As a result, Dr. D'Cunha missed roughly ten days of work while she recovered in the February 2021 timeframe.

22. On August 2, 2021, SIUH Northwell announced a mandate that its employees must receive a COVID-19 vaccine or receive a religious or medical exemption by September 27, 2021, or face termination.

23. Northwell never published any criteria by which it would grant religious exemptions to its mandate.

24. Upon information and belief, Northwell never established any criteria for

4

granting religious exemptions, but relied on an *ad hoc* process.

25. One exception to these *ad hoc* religious determinations is that, upon information and belief, Northwell did not grant religious exemptions to any of its workers professing belief in the Catholic religion.

26. Upon information and belief, Northwell never published any criteria by which it would grant medical exemptions.

27. Upon information and belief, Northwell never *established* any criteria by which it would grant medical exemptions.

28. On September 3, 2021, Dr. D'Cunha submitted a request for a religious exemption.

29. On September 4, 2021, Northwell informed Dr. D'Cunha that they were no longer accepting any religious exemption requests.

30. On September 9, 2021, Dr. D'Cunha submitted a request for a medical exemption.

31. On September 20, 2021, Northwell informed Dr. D'Cunha that they had denied her request for medical exemption.

32. On September 23, 2021, Dr. D'Cunha appealed Northwell's decision on her medical exemption request.

33. On September 29, 2021, Northwell informed Dr. D'Cunha that it rejected the appeal of her medical exemption request.

34. On September 30, 2021, Kate Rafla, a Northwell human resources employee, contacted Dr. D'Cunha to inform her that Northwell could not locate her request for religious exemption.

35. Dr. D'Cunha re-submitted her request for religious exemption the same day.

36. On October 1, 2021, Northwell informed Dr. D'Cunha that it had rejected her request

for religious exemption.

37. On October 1, 2021, while she was seeing patients, Northwell summoned Dr. D'Cunha and hand-delivered her a letter of termination back-dated to September 28.

38. Later that day, Amy Durante, Northwell human resources personnel, informed Dr. D'Cunha that, as a resident, she was entitled to a delayed termination date and an appeals process.

39. On October 8, Northwell provided Dr. D'Cunha with a second termination letter stating that October 7 had been her last day of work.

40. Dr. D'Cunha requested an appeal, and on November 22, 2021, participated in an internal hearing of Northwell's Adverse Action Review Committee that Northwell conducted to review its termination.

41. On Christmas Eve, December 24, 2021, Northwell delivered to Dr. D'Cunha the decision of the Adverse Action Review Committee that it stood by its decision to terminate her.

42. Northwell never made an independent determination that Dr. D'Cunha posed an increased health threat to any of her patients or co-workers that necessitated the steps it took.

43. Northwell never attempted to make an independent determination that Dr. D'Cunha posed an increased health threat to any of her patients or co-workers as a result of not having taken the COVID-19 vaccine.

44. Dr. D'Cunha filed a complaint with the Equal Employment Opportunity Commission (EEOC), charge number 520-2022-00721.

45. The EEOC issued a *Notice of Right to Sue* on November 5, 2021.

46. Upon information and belief, Northwell granted exemptions to several of its employees in order to accommodate their religious beliefs.

47. Upon information and belief, Northwell granted exemptions to several of its employees to accommodate their pregnancies.

48. Upon information and belief, Northwell granted exemptions to several of its employees to accommodate their medical conditions.

49. Northwell made no attempt to accommodate Dr. D'Cunha's pregnancy, medical condition, or religious beliefs.

50. Northwell made no showing that any such accommodation would present an undue hardship.

51. Dr. D'Cunha remains unemployed.

## COUNT ONE

### Discrimination on the basis of sex.

52. Paragraphs 13-51 are incorporated herein.

53. The Civil Rights Act of 1964, 42 U.S.C 2000e-2(a)(1) prohibits discrimination on the basis of sex.

54. In 1978, Congress Amended the Civil Rights Act, defining "sex" to include "pregnancy, childbirth, or related medical conditions."

55. In refusing to accommodate Dr. D'Cunha's request for exemption because of her pregnancy and firing her, Northwell discriminated against her on the basis of sex.

## COUNT TWO
### Discrimination on the basis of religion.

56. Paragraphs 13-51 are incorporated herein.

57. The Civil Rights Act of 1964, 42 U.S.C 2000e-2(a)(1) prohibits discrimination on the basis of religion.

58. In refusing to accommodate Dr. D'Cunha's request for exemption because of her religious beliefs and firing her, Northwell discriminated against her on the basis of religion.

## COUNT 3
### Discrimination on the basis of perceived disability.

59. Paragraphs 13-51 are incorporated herein.

60. The Americans with Disabilities Act, 42 U.S.C. 12101 prohibits discrimination on the basis of disability.

61. These protections include situations when the employee is "regarded as having such an impairment. 42 U.S.C. §12102(1)(c).

62. In refusing to accommodate Dr. D'Cunha's request for a medical exemption and firing her, Northwell discriminated against her on the basis of perceived disability.

## COUNT 4
### Wrongful termination.

63. Extensive case law in New York establishes that termination for an unlawful purpose constitutes wrongful termination.

64. In terminating Dr. D'Cunha for having disfavored religious beliefs and medical conditions, including pregnancy, Northwell has committed the tort of wrongful termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A.  Hold unlawful and set aside Northwell's vaccine mandate

B.  Issue permanent injunctive relief enjoining Defendant Northwell and its agents from failing to accommodate Dr. D'Cunha and terminating her and reinstate her to full employment

status.

    C.  Award compensatory and punitive damages to Dr. D'Cunha

    D.  Award Plaintiff costs and reasonable attorneys' fees.

    E.  Award such other and further relief as the Court deems equitable and just under the

circumstances.

Dated: February 3, 2022

                                  Respectfully Submitted,

                                    _____
                                    Counsel
                                    E. Scott Lloyd
                                    Law Office of E. Scott Lloyd, PLLC
                                    Virginia Bar # 76989
                                    20 E. 8th Street, Suite 3
                                    Front Royal, VA 22630
                                    (540)631-4081
                                    edwardscottlloyd@protonmail.com
                                    Counsel for the Plaintiff
                                    *Motion for admission *pro hac vice* submitted
                                    concurrently

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I will cause a copy of the foregoing Complaint to be served upon

Defendant on February 4, 2022.

_____
  E.  SCOTT LLOYD

                                                                         9

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Candice D'Cunha, declare under penalty of perjury that the foregoing is true and correct. Executed on February 3, 2022.


_____
CANDICE D'CUNHA