

**Littler Mendelson, P.C.**
290 Broadhollow Road
Suite 305
Melville, NY  11747


Daniel Gomez-Sanchez
631.247.4713 direct
631.247.4700 main
631.824.9249 fax
dsgomez@littler.com

May 2, 2022

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
500 Pearl Street, Room 2230
New York, New York 10007

Re:   *D'Cunha v. Northwell Health Systems*; No. 1:22-cv-00988 (MKV)

Dear Judge Vyskocil:

This firm represents Defendant Northwell Health, Inc. ("Defendant") in the above referenced matter.  Plaintiff, a former podiatric medical resident at Staten Island University Hospital ("SIUH"), brings this action alleging her employment with Defendant was terminated in violation of Title VII (religion and pregnancy) and under the Americans with Disabilities Act ("ADA") based on her perceived disability ("impaired immunity"). Plaintiff, however, concedes that she failed to comply with the New York State ("NYS") COVID-19 vaccine mandate for health care workers.  Defendant now writes to respectfully request a pre-motion conference to address our anticipated bases to dismiss Plaintiff's Amended Complaint ("Am. Compl.") in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Plaintiff's Counsel does not consent to this request.

Background & Procedural History

On August 16, 2021, it was announced that certain healthcare workers in NYS were required to be vaccinated against COVID-19 by September 27, 2021 ("Mandate").  *See* 10 NYCRR Section 2.61(c). The Mandate was then challenged on grounds that the vaccine conflicted with workers' religious and constitutional rights because it did not include a religious exemption.  On September 14, 2021, NYS was enjoined from enforcing any requirement that health care employers deny religious exemptions. *Dr. A. v. Hochul*, 21-CV-1009, 2021 U.S. Dist. LEXIS 199419 (N.D.N.Y. Oct. 12, 2021).  Subsequently, the injunction was overturned.  *We The Patriots USA, Inc. v. Hochul, et al.*, 17 F.4th 266 (2d Cir. Nov. 4, 2021). Thereafter, the Second Circuit clarified that the <u>only</u> religious accommodation that could be granted was to remove the employee from the definition of covered personnel.  *See We the Patriots USA, Inc. v. Hochul et al.*, 17 F.4 368, 370-71 (2d Cir. 2021). Thus, in order to comply, employers, like the Defendant, could only grant a religious accommodation if it removed the employee from working in a position where they "could potentially expose other personnel, patients or residents" to COVID-19. *Id.*; Mandate (10 NYCRR Section 2.61(a)(2)).

The Honorable Mary Kay Vyskocil
May 2, 2022
Page 2

In September 2021, Plaintiff was in the resident medical training program at SIUH, then-pregnant, and employed in a patient-facing, "covered personnel" position as a podiatric resident. *See* 10 NYCRR Section 2.61(a)(2). In September 2021, Plaintiff requested a religious exemption and medical exemption from the Mandate. Both were denied. Plaintiff refused to get vaccinated resulting in her termination on October 7, 2021. Plaintiff subsequently sought review of her termination under the applicable adverse action procedural review process afforded to residents. The termination was upheld after an internal hearing. *See* Ex. K.[1] Notably, Plaintiff did not seek an appeal of that decision, as required by the review process. *See* Ex. H III (5)(d) (ECF Doc. No. 10 at 45-46). Plaintiff subsequently filed a Complaint, and an Amended Complaint in this Court. (ECF Doc. Nos. 1,10).

<u>Plaintiff's Claims Must Be Dismissed Without Prejudice and Remanded to the EEOC</u>

Plaintiff's claims must be dismissed because Plaintiff failed to exhaust her administrative remedies through the EEOC. Plaintiff's Right to Sue Letter was issued on November 5, 2021 (Am. Compl. ¶ 43), ten days after Plaintiff filed her Charge of Discrimination on October 26, 2021. Accordingly, this Court should not exercise jurisdiction over Plaintiff's claims as her claims were not pending before the EEOC for the statutorily required 180-day period. *See, e.g.*, *Gibb v. Tapestry, Inc.*, 2018 U.S. Dist. LEXIS 204112, at *11-18 (S.D.N.Y. Nov. 30, 2018). Thus, Plaintiff's premature Right to Sue Letter warrants grounds for dismissal without prejudice and remand to the EEOC. *Id*.

<u>Plaintiff's Amended Complaint Otherwise Fails to State a Claim of Discrimination</u>

Here, Plaintiff concedes that her termination resulted from her failure "to take a vaccine." Am. Compl. ¶ 3. Now, in an attempt to circumvent the Mandate, Plaintiff alleges claims of discrimination which indisputably fail. *Bldg. Indus. Elec. Contrs. Ass'n ex rel. United Elec. Contrs. Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Under Title VII, Plaintiff must show, among other things, that she is qualified for her position and suffered an adverse employment action due to her protected characteristic; and under the ADA, Plaintiff must show, among other things, that she is otherwise qualified to perform the essential functions of her job, with or without a reasonable accommodation, and suffered an adverse employment action because of her disability. *See Cocoa-Rau v. Std. Ins. Co.,* 2020 U.S. Dist. LEXIS 131429, *7 (S.D.N.Y. July 22, 2020)(religious discrimination) (emphasis added); *Morales v. N.Y. & Presbyterian Hosp.*, 2019 U.S. Dist. LEXIS 231605, *18 (S.D.N.Y. Nov. 20, 2019) (granting dismissal of pregnancy discrimination claims); *Harris v. NYC Human Res. Admin.*, 2021 U.S. Dist. LEXIS 162763, *17-18 (S.D.N.Y. Aug. 27, 2021).

It is irrefutable that as a health care provider, Plaintiff was covered by the Mandate, and as such her position required her to receive a vaccination. Am. Compl. ¶ 22. While Plaintiff requested exemptions for both religious and medical reasons, both were reviewed and denied. *See* Exs. L, C, D. As a result of

---

[1] Unless indicated otherwise, all exhibit references are annexed to the Amended Complaint (ECF Doc. No. 10).

The Honorable Mary Kay Vyskocil
May 2, 2022
Page 3

Plaintiff's failure to comply with the Mandate, Plaintiff's employment was terminated. *See We the Patriots USA, Inc. v. Hochul et al.*, 17 F.4th 266, 294 (2d Cir. 2021) ("[v]accination [against Covid-19] is a condition of employment"). Accordingly, Plaintiff's claims must be dismissed. *See Harris v. NYC Human Res. Admin.*, 2021 U.S. Dist. LEXIS 162763, *17-18 (S.D.N.Y. Aug. 27, 2021) (granting dismissal of Title VII and ADA claims); *Joseph v. Jofaz Transp., Inc.*, 2012 U.S. Dist. LEXIS 32887, *7-*8 (E.D.N.Y. Mar. 12, 2012)

Defendant could not reasonably accommodate Plaintiff without undue hardship. Here, Plaintiff's religious accommodation was based on grounds that the vaccine "involve[ed] the practice of abortion either directly or indirectly," which violated her beliefs as a Roman Catholic. Ex. A. Northwell did not challenge the sincerity of Plaintiff's religious convictions. Rather, Plaintiff's request was denied because "permitting . . . an unvaccinated team member . . . that provides direct patient care . . . poses an unacceptable health and safety threat . . . . Moreover, there is **no alternative arrangement** that can be made that would allow [Plaintiff] to perform the [position's] **essential functions** . . .without creating an undue hardship." *See* Ex. F (emphasis supplied). Plaintiff's request for a medical accommodation was also denied. *See* Ex. C. Her request did not meet the criteria under the Mandate, namely – that receiving the vaccine was contraindicated by her condition - but rather was supported by a letter "request" that she be permitted to "delay[] vaccine administration to after delivery [of her unborn child]." Exs. B, C. The letter stated that Plaintiff had COVID-19 antibodies, but made no reference to any sort of medical condition or vaccine safety risk to Plaintiff. Ex. B. Plaintiff's request was denied, as well as her subsequent review of that decision, on the basis that Plaintiff's "stated reason for a medical exemption [was] not a contraindication to COVID-19 vaccination." *See* Exs. C, D.[2]

In an effort to show she was somehow treated differently than others within those same protected categories, Plaintiff alleges "upon information and belief" that defendant "granted exemptions" to employees to accommodate unspecified, "religious beliefs," "medical conditions," and "pregnancies" (Am. Compl. ¶¶ 44-47). Yet, Plaintiff offers no factual amplification for her conclusory pronouncements. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Kilkenny v. Greenberg Traurig, LLP*, 2006 U.S. Dist. LEXIS 23399, at *7 (S.D.N.Y. Apr. 21, 2006). Notwithstanding, Plaintiff undermines her claims that she was denied accommodations as a result of her religion, pregnancy or medical condition, as she asserts individuals within those same protected categories were granted accommodations. Am. Compl. ¶ 45. *Moore v. Kingsbrook Jewish Med. Ctr.*, 2013 U.S. Dist LEXIS 107111, *33 (E.D.N.Y July 30, 2013) (holding that plaintiff's allegations that a member of the same protected class received favorable treatment undermines discriminatory animus).

For these reasons, Defendant respectfully requests that the Court schedule a pre-motion conference concerning its anticipated motion to dismiss. We thank the Court for the consideration of this request.

---

[2] Furthermore, at the review hearing, Plaintiff testified that she was NOT willing to receive the vaccine even after she was no longer pregnant due to her religious beliefs. *See* Ex. J, at 87-88 (ECF Doc. No. 10, at 139-140).

The Honorable Mary Kay Vyskocil
May 2, 2022
Page 4

Respectfully submitted,

LITTLER MENDELSON, P.C.

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Kimberly Wilkens

cc: All attorneys of record (via ECF)
4878-9837-5454.4 / 085686-1018