```
                                                    USDC SDNY
                                                    DOCUMENT
                                                    ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                        DOC #:_____
SOUTHERN DISTRICT OF NEW YORK                       DATE FILED: 2/28/2023
```

CANDICE D'CUNHA,

                Plaintiff,                1:22-cv-0988 (MKV)

-against-

NORTHWELL HEALTH SYSTEMS,      **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

                Defendant.

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff Candice D'Cunha, a former medical resident at Staten Island University Hospital ("SIUH"), asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Defendant Northwell Health Systems ("Northwell") moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motion to dismiss is GRANTED.

## **BACKGROUND**[1]

      D'Cunha began her medical residency at SIUH in June 2020. Amended Complaint ¶ 17 [ECF No. 10] ("Am. Compl."). In August 2021, SIUH's parent company, Northwell, announced a mandate requiring that, subject to religious or medical exemptions, all employees receive a COVID-19 vaccine by September 27, 2021. Am. Compl. ¶¶ 12, 22.

      D'Cunha submitted a religious exemption request on September 3, 2021. Am. Compl. ¶ 26; *see also* Am. Compl. Exhibit A ("Exhibit A"). Specifically, D'Cunha contended that the "vaccines . . . available for the treatment of COVID-19 involve[d] the use of cell lines derived from aborted fetuses" and that vaccination conflicted with her religious beliefs as "a lifelong

---

[1] The facts are taken from the Complaint, and for purposes of this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

practicing Roman Catholic." Exhibit A.  D'Cunha also submitted a medical exemption request. Am. Compl. ¶ 28; *see also* Am. Compl. Exhibit B ("Exhibit B").  That form requested an exemption due to D'Cunha's pregnancy.  Exhibit B.  D'Cunha also attached a note from her obstetrician, which included the notation: "[r]equest delaying vaccine administration to after delivery."  Exhibit B.

Northwell denied D'Cunha's request for a medical exemption and her subsequent appeal of that decision.  Am. Compl. ¶¶ 29–31; *see also* Am. Compl. Exhibits C, D.  D'Cunha then re-submitted her religious exemption request, which Defendant denied as well, citing undue hardship.  Am. Compl. ¶¶ 33–34; *see also* Am. Compl. Exhibit F ("Exhibit F").

On October 1, 2021, and again on October 8, 2021, Northwell provided D'Cunha a termination letter.  Am. Compl. ¶¶ 35, 37.  D'Cunha requested an appeal and participated in an internal hearing to review her termination.  Am. Compl. ¶ 38.  Following that hearing, Northwell denied the appeal and finalized D'Cunha's termination.  Am. Compl. ¶ 39.

D'Cunha filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Am. Compl. ¶ 42; *see also* Declaration of Daniel Gomez Exhibit 1 [ECF No. 22-1] ("Charges").[2]  The first charge—which checks the box only for sex discrimination— alleges that D'Cunha was wrongfully terminated due to her pregnancy, despite the fact that she provided a letter from her obstetrician recommending she "delay administration of the vaccine." Charges 1.  The first charge also mentions that D'Cunha has "[COVID-19] antibodies in the highest range due to positive test for [COVID-19] in 2/2021."  Charges 1.  The second charge—

---

[2] D'Cunha did not attach a copy of her charges to the Amended Complaint.  However, Defendant provided a copy to the Court.  On a motion to dismiss, "the Court may consider documents that are referenced in the complaint, documents that the plaintiff[] relied on in bringing suit and that are either in the plaintiff[']s] possession or that the plaintiff[] knew of when bringing suit, or matters of which judicial notice may be taken." *Rice as Tr. of Richard E. & Melinda Rice Revocable Fam. Tr. 5/9/90 v. Intercept Pharms., Inc.*, No. 21-CV-0036 (LJL), 2022 WL 837114, at *6 (S.D.N.Y. Mar. 21, 2022) (citation omitted).  The Court considers the charges because they are referenced in the complaint, D'Cunha relied upon them in filing this suit, and they are in her possession.

2

which selects only the box for religious discrimination—explains that D'Cunha "submitted [a] religious exemption" request "due to aborted fetal cells used in test/production of available vaccines." Charges 2. The EEOC issued a right to sue letter. Am. Compl. ¶ 43; Am. Compl. Exhibit L.

D'Cunha timely filed this action within 90 days of receiving her right to sue letter. *See* Complaint [ECF No. 1]. She filed an Amended Complaint as of right several weeks later. *See* Am. Compl. The Amended Complaint asserts three causes of action: (1) sex discrimination under Title VII, (2) religious discrimination under Title VII, and (3) disability discrimination under the ADA. Am. Compl. ¶¶ 50–60. D'Cunha asks the Court to "[h]old unlawful . . . Northwell's vaccine mandate," issue a permanent injunction enjoining Northwell "from failing to accommodate . . . D'Cunha and . . . reinstate her to full employment status," and award compensatory and punitive damages, in addition to litigation costs. Am. Compl. Prayer for Relief.

Defendant moves to dismiss under Rule 12(b)(6). *See* Motion to Dismiss [ECF No. 21]; Memorandum of Law [ECF No. 23] ("Def. Mem."). Plaintiff opposed the motion. *See* Response in Opposition to Motion to Dismiss [ECF No. 24] ("Pl. Opp.").[3] Defendant replied. *See* Reply Memorandum of Law [ECF No. 26]. Since briefing concluded, the parties have filed numerous notices of supplemental authority. *See* Notices [ECF Nos. 27, 28, 29, 30, 31].

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court

---

[3] Without any explanation or seeking leave from the Court, Plaintiff filed two Opposition Briefs. The first was filed on June 28, the date Plaintiff's response was due. *See* Pl. Opp.; Order [ECF No. 20]. The second, which appears to be substantially similar, was filed the following day, after Plaintiff's deadline to respond had passed. *See* Response in Opposition to Motion [ECF No. 25]. Because it was filed out of time and without leave, the Court disregards Plaintiff's second Opposition Brief.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering this motion, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999).

## ANALYSIS

D'Cunha contends in this action that Northwell discriminated against her on the basis of her sex and religion in violation of Title VII. She also asserts disability discrimination in violation of the ADA.

### I.  Plaintiff Fails to Plausibly Allege a Title VII Claim

Title VII prohibits an employer from discriminating "against any individual . . . because of such individual's . . . religion [or] sex." 42 U.S.C. § 2000e-2(a)(1). To survive a motion to dismiss, D'Cunha must plausibly allege "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015) (citation omitted); *see also Small v. New York City Dep't of Educ.*, No. 1:21-CV-1527-GHW, 2023 WL 112546, at *5 (S.D.N.Y. Jan. 5, 2023).

1.  *Religious Discrimination*

The Complaint does not plausibly state a claim for religious discrimination.

As an initial matter, D'Cunha fails to allege facts "giv[ing] rise to an inference of discrimination." *Vega*, 801 F.3d at 83. The Complaint does not contend that D'Cunha's "performance [was criticized] in [religiously] degrading terms" or that "invidious comments" were

4

made "about others in [her] protected group." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). Nor does she allege "more favorable treatment of employees not in [her] protected group."[4] *Id.* Indeed, D'Cunha alleges she was terminated "*because* Northwell insisted that [she] take a vaccine"—*not* because of her religion. Am. Compl. ¶ 3 (emphasis added).

      D'Cunha responds that her termination was discriminatory because Northwell "fail[ed] to accommodate [her] religious beliefs." Pl. Opp. 6. But an employer does not discriminate on the basis of religion if he demonstrates "he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on . . . the employer's business." 42 U.S.C. § 2000e(j). "An accommodation is said to cause an undue hardship whenever it results in 'more than a de minimis cost' to the employer." *Baker v. The Home Depot*, 445 F.3d 541, 548 (2d Cir. 2006) (citation omitted).

      Here, the only accommodation D'Cunha requested was a vaccine exemption. Am. Compl. ¶ 56. That request, however, is foreclosed by *We the Patriots USA, Inc. v. Hochul*, in which the Second Circuit held that "Title VII *does not require* covered entities to provide the accommodation that Plaintiffs prefer—in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated." 17 F.4th 266, 292 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (emphasis added). Moreover, the Complaint and attached exhibits evidence that accommodating D'Cunha's request would have posed "an undue hardship" for Northwell. Am. Compl. ¶ 34; Exhibit F. Specifically, Northwell informed D'Cunha that her reporting unvaccinated to a "worksite [providing] direct patient care" posed "an unacceptable health and safety threat to patients, co-workers, and visitors." Exhibit F. That is "more than a de

---

[4] Although D'Cunha contends that, "[u]pon information and belief," Northwell "granted exemptions to several of its employees in order to accommodate their religious beliefs," Am. Compl. ¶ 44, she fails to plead the religious affiliation of these other individuals—*i.e.*, whether they were in (or outside of) her protected group, their job responsibilities, or their reasons for seeking and obtaining an exemption.

minimis cost." *Baker*, 445 F.3d at 548; *see also Does 1-2 v. Hochul*, Case No. 21-CV-5067, 2022 WL 4637843 (E.D.N.Y. Sept. 30, 2022) (dismissing Title VII claim where "[d]efendants persuasively argue[d] that . . . exempting the plaintiffs from the vaccine requirement would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus, which is obviously a significant hardship").

In her Opposition, D'Cunha quibbles with Northwell's assertion of undue hardship, proffering scientific articles that, she contends, suggest "there can be no undue hardship." Pl. Opp. 8–10. However, "evidence outside of a complaint cannot save a futile amended pleading." *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, No. 20-CV-4440-EK-SJB, 2022 WL 818943, at *9 (E.D.N.Y. Mar. 17, 2022). Although D'Cunha asserts she "was well-qualified for her position," Pl. Opp. 6, D'Cunha's "own standards, or subjective view of [her] performance, is not relevant to the analysis," *Martin v. City Univ. of New York*, No. 17 CIV. 6791 (KPF), 2018 WL 6510805, at *8 (S.D.N.Y. Dec. 11, 2018) (citing *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 29 (2d Cir. 1997)). Indeed, "[e]mployers have broad discretion to determine the necessary job qualifications," *Sulehria v. City of New York*, 670 F. Supp. 2d 288, 309 (S.D.N.Y. 2009). Accordingly, "courts look to the criteria the *employer* has specified for the position." *Id.* (emphasis added). Here, Northwell determined that vaccination was a condition of employment for its patient facing healthcare workers, including D'Cunha. Am. Compl. Exhibit F.

Importantly, the Second Circuit has instructed that vaccination is a proper "condition of employment in the healthcare field." *We The Patriots*, 17 F.4th at 294; *see also Kane v. de Blasio*, No. 21 CIV. 7863 (NRB), 2022 WL 3701183, at *14 (S.D.N.Y. Aug. 26, 2022) (collecting cases). The Complaint alleges that Northwell implemented such a mandate—employees were *required* to receive "a COVID-19 vaccine or receive a religious or medical exemption by September 27, 2021." Am. Compl. ¶ 22. As of September 27, D'Cunha had not received a vaccine or an

6

exemption. *See* Am. Compl. ¶¶ 3, 31, 34. Accordingly, the Complaint fails to allege she was "qualified for her position." *Vega*, 801 F.3d at 83; *see* Def. Mem. 5–6. The religious discrimination claim is dismissed.

2.  *Sex Discrimination*

D'Cunha alleges Northwell discriminated against her on the basis of her sex, which includes "the basis of pregnancy." § 2000e(k). This claim also fails as a matter of law.

D'Cunha does not plausibly allege that she was terminated "*because of*" her sex. § 2000e-2(a)(1) (emphasis added). The Complaint asserts, with no facts to support the charge, that "[u]pon information and belief, Northwell granted exemptions to several of its employees to accommodate their pregnancies." Am. Compl. ¶ 45. But a "plaintiff may plead facts upon information and belief only in limited circumstances." *May Flower Int'l, Inc. v. Tristar Food Wholesale Co. Inc.*, No. 21CV02891RPKPK, 2022 WL 4539577, at *4–5 (E.D.N.Y. Sept. 28, 2022) (citation omitted). Specifically, the alleged facts must be "peculiarly within the possession and control of the defendant" or the belief must be based on "factual information that makes the inference of culpability plausible." *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) (citation omitted). And even then, "statements made upon information and belief must be supported by some factual allegations making them plausible." *May Flower*, 2022 WL 4539577, at *4; *see also Schneiderman*, 882 F.3d at 384 ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory.").

D'Cunha does not even attempt to argue that either of these conditions are satisfied. Nor is her bare allegation that Northwell accommodated some pregnancies adequate to state a claim because she provides no "factual basis to support it." *Salu v. Miranda*, 830 F. App'x 341, 345–46 (2d Cir. 2020); *see also May Flower*, 2022 WL 4539577, at *4–*5. Moreover, even if the Court *were* to accept Plaintiff's contention as true, the fact that some women were granted

7

accommodations for their pregnancies *undermines*—not supports—an inference of sex-based discrimination. *See Iqbal*, 556 U.S. at 678.

Fundamentally, D'Cunha was not vaccinated, which Northwell properly instructed was a condition of her job. This is a requirement that the Second Circuit has found appropriate for healthcare workers. *See We The Patriots*, 17 F.4th at 294 ("Vaccination is a condition of employment in the healthcare field."). As with the religious discrimination claim, D'Cunha does not allege she was qualified for her position. *See Vega*, 801 F.3d at 83. The sex discrimination claim is therefore dismissed.

## II. Plaintiff Fails to Plausibly Allege an ADA Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To survive a motion to dismiss, D'Cunha must allege that (1) her "employer is subject to the ADA;" (2) she "is disabled within the meaning of the ADA or perceived to be so by [her] employer;" (3) she "was otherwise qualified to perform the essential functions of the job with or without reasonable accommodation;" and (4) she "suffered an adverse employment action because of [her] disability." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 134 (2d Cir. 2008).

D'Cunha asserts that Northwell "discriminated against her on the basis of [her] perceived disability—that, despite providing a laboratory-confirmed antibody count, she was impaired in her immunity to the disease, and is a carrier or potential carrier of an infectious disease." Am. Compl. ¶ 60. This contention fails for several reasons.

First, D'Cunha failed to exhaust her administrative remedies with respect to this claim. A plaintiff must file with the EEOC and receive a right to sue letter before filing an ADA claim in federal court. *See* 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a); *see also Williams v. New York*

*City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir.2006). The charges filed by D'Cunha with the EEOC only checked the boxes for discrimination based on religion and sex. *See* Charges. There was *no* disability-based claim. Although that fact is not dispositive because "it is the substance of the charge and not its label that controls," *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 CIV. 6950 LBS JCF, 2012 WL 76915, at *3 (S.D.N.Y. Jan. 10, 2012) (citation omitted), nowhere does D'Cunha allege a disability. The Court is unconvinced that stating "I have [COVID-19] antibodies in the highest range" gave the EEOC adequate notice of a purported disability discrimination claim. *See also Pinkard v. New York City Dep't of Educ.,* No. 11 CIV. 5540 FM, 2012 WL 1592520, at *8 (S.D.N.Y. May 2, 2012) ("Courts have consistently held that discrimination claims based on age, sex, or disability are not reasonably related to claims based on race or color, and *vice versa*.").

Moreover, D'Cunha alleges no facts supporting her conclusory assertion that Northwell perceived her to be "a carrier . . . of an infectious disease." Am. Compl. ¶ 60. As for her assertions that she was perceived as being "impaired in her immunity" and a "potential carrier of an infectious disease," Am. Compl. ¶ 60, these claims fail because the ADA only protects individuals "regarded as *having* . . . an impairment." 42 U.S.C. § 12102(1)(C). That is to say, D'Cunha must allege facts suggesting that she was regarded as *presently* having a disability. Even if she *was* perceived of being at risk of developing COVID-19 *in the future*, that would not plausibly state an ADA claim.[5]

---

[5] Although the Second Circuit has not yet spoken on this question, every circuit court that has addressed the issue has concluded that the ADA does not prohibit discrimination based on *future* impairments. *See, e.g.*, *Darby v. Childvine, Inc.*, 964 F.3d 440, 446 (6th Cir. 2020) ("[A] genetic mutation that merely *predisposes* an individual to other conditions . . . is not itself a disability under the ADA." (emphasis added)); *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019) ("[T]he [ADA's] text plainly encompasses only current impairments, not future ones."); *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1113 (8th Cir. 2016) ("[T]he ADA does not prohibit an employer from acting on some other basis, *i.e.*, on its assessment that although no physical impairment currently exists, there is an unacceptable risk of a future physical impairment."); *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 902 F.3d 916, 923 (9th Cir. 2018) (The ADA "prohibits discrimination on the basis of an 'actual or perceived impairment' in

Finally, even assuming administrative remedies with regard to this claim *were* exhausted, the claim would nonetheless fail because, again, D'Cunha cannot allege she was qualified for her position. *See Brady*, 531 F.3d at 134; § 12112(a) (prohibiting discrimination "against a *qualified* individual on the basis of disability" (emphasis added)); *We The Patriots*, 17 F.4th at 294 ("Vaccination is a condition of employment in the healthcare field."). The ADA discrimination claim is therefore dismissed.

### III.    Futility of Further Amendment

D'Cunha has already amended her complaint once and, in opposing Defendant's motion, did not seek leave to amend again. Indeed, after Defendant filed a letter motion requesting leave to file the pending motion to dismiss, *see* Letter Motion [ECF No. 15], the Court issued an Order directing Plaintiff to "inform the Court via letter whether she intends to amend her complaint" and warning it would be her "last opportunity" to do so, *see* Scheduling Order [ECF No. 17]. D'Cunha declined the Court's invitation to amend to address Northwell's arguments in favor of dismissal. *See* Letter [ECF No. 18]. Accordingly, the dismissal is with prejudice. *See Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022) ("[W]e certainly see no error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend."); *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison L.L.P.*, 351 F. App'x 472, 474 (2d Cir. 2009) ("Given that Trautenberg did not move for leave to replead in opposition to [the] motion to dismiss his original complaint with prejudice, the district court did not abuse its discretion by failing to grant him, sua sponte, leave to replead.").

---

the present tense." (citation omitted)); *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) ("[W]e must conclude that the disability definition in the ADA does not cover this case where an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is respectfully requested to terminate docket entry 21 and to close this case.

**SO ORDERED.**

Date: **February 28, 2023**
**New York, NY**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**